UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARL DAVIS VAUGHN, JR., )
)
      Plaintiff, )
v. )
) Case No. 1:23CV778
ALLY FINANCIAL, INC., and )
BRADLEY J. BROWN, )
)
      Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Complaint [Doc. #2] filed by Plaintiff Carl Davis Vaughn, Jr. In conjunction with the Complaint, Plaintiff also submitted an Application to Proceed In Forma Pauperis.

However, Plaintiff identifies itself as a corporation, incorporated under the laws of the state of "North Carolina Republic" with a principal place of business in the state of "North Carolina Republic." (Compl. [Doc. #2] at 3.) The Complaint is signed by "Vaughn, Carl Davis Jr." as "Agent" for "CARL DAVIS VAUGHN JR."

A corporation cannot proceed *pro se*, and the Supreme Court has held that only natural persons qualify as "persons" who may proceed *in forma pauperis* under 28 U.S.C. § 1915. See Rowland v. Calif. Men's Colony, 506 U.S. 194, 196, 202 (1993) (concluding that "only a natural person may qualify for treatment in forma pauperis under § 1915" and "a corporation may appear in the federal courts only through license counsel"); In re Estate of Van Putten, 553 F. App'x 328 (4th Cir. 2014) (denying IFP applications of representatives of an estate, finding

that the estate was not a "natural person"). Because a corporation is not a natural person, it may not proceed in a case *in forma pauperis*. Thus, Plaintiff is not entitled to proceed *in forma pauperis* as the corporation "CARL DAVIS VAUGHN, JR.," a corporation incorporated under the laws of state of the "State of North Carolina Republic" (Compl. [Doc. #2] at 3). To the extent that Plaintiff is a corporation and wishes to file an action as a corporation named CARL DAVIS VAUGHN, JR., he will need to pay the $402 filing fee and retain counsel.[1]

IT IS THEREFORE ORDERED that *in forma pauperis* status is denied.

IT IS RECOMMENDED that this action be dismissed without prejudice to Plaintiff either paying the appropriate filing fee and proceeding with counsel, or re-filing a new Complaint and new Application to Proceed In Forma Pauperis as an individual on his own behalf for further review.

This, the 1st day of February, 2024.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] If Plaintiff wants to proceed as an individual, he should file a new Complaint and new Application to Proceed In Forma Pauperis on his own behalf. The Court notes, however, that the Complaint as presently filed appears to be frivolous and fails to state a claim and would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Review of the Complaint and documents filed by Plaintiff suggests that Plaintiff brings this lawsuit in response to the repossession of a vehicle. In the Complaint, it appears that Plaintiff alleges that Defendant, Ally Financial, Inc. ("Ally Financial") breached a contract in a number of ways including by failing to respond to "Instructions," an "Opportunity to Cure," and a "Default Judgment" in an allocated timeframe. Plaintiff attaches these documents, all of which are baseless. Plaintiff seeks $50,284.32, return of the vehicle, and for Defendant to repay Plaintiff for the downpayment for the vehicle, annual vehicle registration, fees, and taxes. The Court can consider these contentions further if Plaintiff properly re-files, either individually or through counsel with payment of the filing fee as set out further above.